# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

REGINALD ARNOLD                                                                                                PETITIONER
ADC #151419

v.                                                5:18cv00227-BSM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the Chief District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the Chief District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

I.  **INTRODUCTION**

On November 30, 2011, a jury in the Pulaski County Circuit Court convicted Petitioner, Reginald Arnold, of capital murder and aggravated robbery. (Doc. No. 2 at 1.) According to the Arkansas Department of Correction ("ADC") website,[1] Mr. Arnold was sentenced to life imprisonment without the possibility of parole for the capital murder conviction and forty years for the aggravated robbery.

Mr. Arnold appealed his convictions to the Arkansas Supreme Court asserting the circuit court erred in refusing to hear testimony from a juror in support of his motion for a new trial. The Court affirmed on October 25, 2012. *Arnold v. State*, 2012 Ark. 400, 1 (2012). In affirming the conviction, the court briefly recited the facts of the case as follows:

> Suffice it to say, on July 10, 2010, police found Jose Martinez-Lopez lying face down near the Geyer Springs and Baseline area of Little Rock. He suffered from a gunshot wound to the middle of his forehead. The police eventually received information relating to Martinez-Lopez's killing and developed two suspects, one of whom was Arnold. Arnold was subsequently arrested, charged, and ultimately convicted, as already set forth.

*Id*. at 3.

---

[1] (https://apps.ark.org/inmate_info/search.php.)

According to his Petition, Mr. Arnold filed for Rule 37 relief in the Pulaski County Circuit Court in January 2013. (Doc. No. 2 at 3.) The court denied relief on February 6, 2013. (*Id.*) Mr. Arnold reports no other filings since 2013. (*Id.*)

Now, Mr. Arnold, presently incarcerated at the ADC Cummins Unit, seeks relief from this Court through the filing of a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 2.) I have conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed.

## II.     ANALYSIS

Mr. Arnold's Petition (Doc. No. 2) is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Mr. Arnold, time began to run on February 6, 2013 – the date the Pulaski County Circuit Court denied him Rule 37 relief. (Doc. No. 2 at 3.) Accordingly, Mr. Arnold's Petition for Writ of Habeas Corpus is more than five years late.

A careful review of Mr. Arnold's Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner (1) shows that he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Arnold has not shown he has pursued his rights diligently, nor has he shown an extraordinary circumstance that kept him from filing his Petition within the one-year limitation period. Rather, Mr. Arnold states the reason he failed to appeal to the highest state court having jurisdiction was, "[Due] to being illiterate of the law and not having an understanding on how to proceed through the next steps or the time frame I have to get to the next step. I missed the opportunity to explore those steps." (Doc. No. 2 at 4.) He later explains he failed to raise some of the instant issues to the state courts because he is, "Illiterate of the process." (*Id.* at 6.) While I am sympathetic to Mr. Arnold's predicament, his *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, do not justify equitable tolling. See, e.g., *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). In other words, where a habeas petitioner has encountered the kinds of obstacles faced by many if not most habeas

4

petitioners, equitable tolling is not available because Congress is presumed to have considered such obstacles in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008).

Furthermore, the Petition is completely meritless. Mr. Arnold claims various instances of prosecutorial misconduct, violations of due process, and ineffective assistance of counsel warrant habeas relief. However, the Petition is devoid of any factual basis to corroborate Mr. Arnold's claims. Under Rule 4 of the Rules Governing Section 2254 Cases, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Such is the case here. Without any factual basis for his claims and any reason for equitable tolling, I recommend Mr. Arnold's Petition for Writ of Habeas Corpus be DISMISSED.

### III. CERTIFICATE OF APPEALABILITY

Because the Petition is clearly time barred, no certificate of appealability shall be issued. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." But a court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. A certificate of appealability should not be issued.

DATED this 22nd day of October, 2018.

                                                           _____
                                                           JOE J. VOLPE
                                                           UNITED STATES MAGISTRATE JUDGE